UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. AMBROSE, | Case No. 04cv1118BEN (RBB) |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| vs. | |
| DEPARTMENT OF THE NAVY, | |
| Defendant. | |

Plaintiff Rodney L. Ambrose, proceeding *pro se*, has filed an employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16. Defendant has moved to dismiss. For the reasons that follow, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

Title VII's venue provisions specifically provides as follows:

> [A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Plaintiff's Complaint fails to address why venue in this judicial district is

1 appropriate. The Plaintiff has not stated with any specificity what correlation the Southern District of
2 California has to his alleged claim, nor is the Court able to readily discern this information upon review
3 of the Complaint.

4 Plaintiff must state with some specificity why venue in this judicial district is appropriate.
5 "[L]eave to amend should be granted unless the district court 'determines that the pleading could not
6 possibly be cured by the allegation of other facts.'" *United States ex rel. Lee v. SmithKline*
7 *Beecham, Inc*., 245 F.3d 1048, 1052 (9th Cir. 2001) (internal quotation and citation omitted). "This
8 approach is required by Federal Rule of Civil Procedure 15(a) which provides that leave to amend
9 should be freely granted when justice so requires." *Id.* (internal quotation and citation omitted).
10 Dismissal with prejudice is only appropriate if it is clear that amendment cannot save the complaint.
11 *See Eminence Capital, LLC. v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

12 For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE**.
13 Plaintiff shall have leave to amend his Complaint on or before **October 31, 2007,** in adherence with
14 this Order. Should Plaintiff elect to file an amended complaint, Plaintiff is instructed to state with
15 specificity why venue in this judicial district is appropriate.

16 **IT IS SO ORDERED.**

18 DATED: September 14, 2007

_____
Hon. Roger T. Benitez
United States District Judge